UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BROWN,<br><br>          Petitioner,<br><br>   v.<br><br>ROBERT W. FOX, Warden,<br><br>          Respondent. | No. 2:16-cv-02285 JAM GGH<br><br><br>FINDINGS & RECOMMENDATIONS |

INTRODUCTION

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a November 2014 decision by Governor Brown reversing the Board of Parole Hearing's ("BPH" or "the Board") decision that petitioner was suitable for parole. Pending before the court is respondent's motion to dismiss on the ground that the petition fails to raise a cognizable federal habeas claim, arguing that petitioner's challenge to the Governor's decision finding him unsuitable for parole does not warrant federal habeas review under Swarthout v. Cooke, 562 U.S. 216 (2011). Petitioner filed an opposition arguing his due process rights were violated due to the Governor's decision being unsupported by "some evidence" and for a failure to provide him a hearing before the Governor. The undersigned now issues the following findings and recommendations granting respondent's motion to dismiss.

1

## DISCUSSION

In a per curiam decision, the United States Supreme Court found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout, 562 U.S. at 220-221. Quoting, *inter alia*, Estella v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "federal habeas corpus relief does not lie for errors of state law." Id. While the high court found that the Ninth Circuit's holding that California law does not create a liberty interest in parole was a "reasonable application of our cases" (while explicitly not reviewing that holding), the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout, 562 U.S. at 220.

Citing Greenholtz,[1] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry…" Id. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest…" Id. at 221. "No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement." Id. at 220-221. The Ninth Circuit recently noted that in light of Swarthout v.

---
[1] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

2

Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

Moreover, one of the petitioners in Swarthout included an inmate who was determined suitable for parole by the BPH but which determination was subsequently reversed by the governor. 131 S.Ct. at 218. The Swarthout Court did not distinguish between this circumstance and the one involving a parole board decision denying parole on the question of the due process to which a petitioner is entitled. In Swarthout, the Supreme Court noted that both petitioners had received the requisite due process by having been "allowed to speak at their parole hearings and to contest the evidence against them," and had been "afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id at 220.

Here, in his opposition, petitioner asserts that he does not "challenge the parole hearing process," "petitioner's due process of being heard by the board," or being granted parole. ECF No. 17 at 2. Petitioner only contests the Governor's reversal which cannot be reviewed by this court and should be dismissed. The Ninth Circuit has made clear that "[b]ecause there is no Supreme Court precedent holding that a state governor must conduct a second parole hearing before reversing a parole board's favorable decision," any such habeas corpus claim "necessarily fail[s]." Styre v. Adams, 645 F.3d 1106, 1109 (9th Cir. 2011), citing Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 786, 178 L.Ed.2d 624[] (2011). See also Staich v. Brown, 2015 WL 8539043 (E.D. Cal. 2015) holding meritless the same arguments petitioner makes here. Thus, there is no federal due process requirement contemplating review of a governor's decision to overrule that of a parole board. Indeed, federal courts are precluded from such review as it pertains to petitions for habeas corpus.

CONCLUSION

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

According, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted;
2. The petition be dismissed with prejudice; and
3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2017

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE